UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80748-CIV-COHN

SECURITIES AND EXCHANGE COMMISSION,   )
                                      )
                         Plaintiff,   )
                                      )
v.                                    )
                                      )
CAROL MCKEOWN, DANIEL F. RYAN,        )
MEADOW VISTA FINANCIAL CORP.,         )
AND DOWNSHIRE CAPITAL INC.,           )
                                      )
                         Defendants.  )
_____)

**ORDER OF PRELIMINARY INJUNCTION AND OTHER RELIEF**

This cause comes before the Court on the show cause hearing set by the Temporary Restraining Order and Other Emergency Relief (D.E. 9) ("TRO Order") entered in this matter. On June 23, 2010, the Commission filed an Emergency Complaint against the Defendants alleging violations of the federal securities laws. The Commission also filed an Emergency *Ex Parte* Motion for Temporary Restraining Order and Other Relief (D.E. 4) ("TRO Motion") against the Defendants, and a supporting Memorandum of Law with declarations and other exhibits.

The Court found that the Commission made a sufficient and proper showing in support of the relief it requested in the TRO Motion by (1) presenting a *prima facie* case of securities laws violations by the Defendants; and (2) showing a reasonable likelihood the Defendants will harm the investing public by continuing to violate the federal

securities laws. Accordingly, on June 23, 2010, the Court granted the Commission's motion for ex parte relief, and entered the TRO Order.

Among other things, the TRO Order required the Defendants to appear before the Court on July 6, 2010 at 9:30 a.m., and show cause, if any, why the Court should not grant a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. On July 6, 2010 the Court held a show case hearing in this matter and having considered the record in this case, finds as follows:

1.   The Defendants were duly served with process and all papers filed in this action pursuant to Rule 4 of the Federal Rules of Civil Procedure, including this Court's TRO Order;

2.   This Court has personal jurisdiction over the Defendants and over the subject matter of this action; and

3.   The Defendants have failed to rebut the Commission's evidence that they have violated the securities laws as alleged in the Commission's Complaint and TRO Motion, and as required by the TRO Order.

Accordingly, the Commission's motion for a preliminary injunction and other relief as to the Defendants is **GRANTED**, and the Court orders as follows:

## I.
## **PRELIMINARY INJUNCTION**

**IT IS ORDERED AND ADJUDGED** that, pending resolution of this case on the merits, the Defendants, their directors, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from:

### Section 17(a)(1) of the Securities Act of 1933

A.     Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails, in the offer or sale of securities, knowingly or recklessly employing devices, schemes or artifices to defraud, in violation of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. 77q(a)(1);

### Section 17(a)(2) & (3) of the Securities Act of 1933

B.     Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, in the offer or sale of securities, (i) obtaining money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (ii) engaging in acts, practices and courses of business which have operated and will operate as a fraud or deceit upon purchasers and prospective purchasers of such securities, in violation of Sections 17(a)(2) & (3) of the Securities Act, 15 U.S.C. §§ 77(q)(a)(2) & (3);

### Section 17(b) of the Securities Act of 1933
### Against McKeown, Ryan, And Meadow Vista

C.     Directly or indirectly, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, publishing, giving publicity to, or circulating any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received, directly or indirectly, from an issuer, underwriter, or dealer, without

3

fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof, in violation of Section 17(b) of the Securities Act, 15 U.S.C. §§ 77q(b); and

### Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5

D.   Directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any securities, knowingly or recklessly: (i) employing devices, schemes or artifices to defraud; (ii) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaging in acts, practices and courses of business which have operated, are now operating or will operate as a fraud upon the purchasers of such securities in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder.

## II.

### ASSET FREEZE

**IT IS FURTHER ORDERED AND ADJUDGED** that, pending resolution of this case on the merits, the Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this order by personal service, mail, facsimile transmission or otherwise, be and hereby are, restrained from, directly or indirectly, transferring, setting off, receiving, changing,

selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, and/or property pledged or hypothecated as collateral for loan, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of:

1. Downshire Capital Inc.,

2. Meadow Vista Financial Corp.,

3. Carol McKeown; and

4. Daniel F. Ryan.

Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of the Defendants, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this order by personal service, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets, including, but not limited to, the following presently known bank accounts:

(a) Meadow Vista Financial Corp.
    TD Canada Trust Bank
    Account numbers ending in 7730 and 5416

(b) Downshire Capital Inc.
    TD Canada Trust Bank
    Account numbers ending in 5479 and 1666

(c) Meadow Vista Financial Corp.
    Oppenheimer & Co. Inc.
    Account number ending in 0916

(d)  Downshire Capital Inc.
     Pershing LLC
     Account number ending in 1447

(e)  Meadow Vista Financial Corp.
     Pershing LLC
     Account numbers ending in 0908 and 8057

(f)  Meadow Vista Financial Corp.
     Penson Financial
     Account numbers ending in 0223, 5277, 5791, 0791, 0647

(g)  Downshire Capital Inc.
     Alpine Securities
     Account numbers ending in 9580, 9599

(h)  Meadow Vista Financial Corp.
     Alpine Securities
     Account number ending in 6850

(i)  Newbridge Securities
     Account name and numbers unknown

(j)  Carol McKeown
     TD Canada Trust Bank
     Account numbers ending 0815, 4520, 7278

(k)  Carol McKeown
     Valeurs mobilieres Dundee
     Account numbers ending 391 AN and 391 BN

(l)  Downshire Capital Inc.
     Valeurs mobilieres Dundee
     Account numbers ending VCAN and VCBN

## III.

## ACCOUNTING AND IDENTIFICATION OF ACCOUNTS BY DEFENDANTS

**IT IS FURTHER ORDERED AND ADJUDGED** that, if they have not already done so, the Defendants shall make the sworn accounting required of them under the TRO Order, and serve and file such accounting within ten days of the issuance of this Order.

## IV.

## RECORDS PRESERVATION

**IT IS FURTHER ORDERED AND ADJUDGED** that, pending resolution of this case, the Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to the Defendants wherever located and in whatever form, electronic or otherwise, until further Order of this Court.

## V.

## REPATRIATION ORDER

**IT IS FURTHER ORDERED AND ADJUDGED** that the Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, shall:

(a) take such steps as are necessary to repatriate to the territory of the United States all funds and assets subject to the asset freeze under this Order, which are held by or known to them or which are under their direct or indirect control, jointly or singly, or which they have caused to be placed outside the territory of the United States and deposit such funds or assets into the Registry of the United States District Court, Southern District of Florida; and

(b)     provide the Commission and the Court a written description of the funds and assets so repatriated.

## VI.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and the Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

**DONE AND ORDERED** at 9:40 o'clock, A m. this 6th day of July, 2010, at Ft. Lauderdale, Florida.

_____
THE HONORABLE JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies to:  All parties and counsel of record