UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80748-CIV-COHN

SECURITIES AND EXCHANGE COMMISSION,     )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )
                                        )
CAROL MCKEOWN, DANIEL F. RYAN,          )
MEADOW VISTA FINANCIAL CORP.,           )
AND DOWNSHIRE CAPITAL INC.,             )
                                        )
                    Defendants.         )
_____)

### ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CAROL MCKEOWN AND ENTERING JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF

**THIS MATTER** is before the Court on Plaintiff Securities and Exchange Commission's Motion for Entry of a Default Judgment of Permanent Injunction And Other Relief Against Defendants Carol McKeown, Daniel F. Ryan, Meadow Vista Financial Corp., and Downshire Capital Inc. Having considered the motion and the entire record, the Court enters the following order granting the Plaintiff's motion, and imposing a Default Judgment of Permanent Injunction and Other Relief against Carol McKeown:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This Court has personal jurisdiction over McKeown and the subject matter of this action. Venue is proper in the Southern District of Florida.

2. McKeown was properly served with a summons and a copy of the Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. Thus, she has proper notice of this action.

3. As of the date of this Order, McKeown has failed to answer or otherwise file a responsive pleading to the Complaint as required by the Federal Rules of Civil Procedure.

4. The Clerk of the Court entered a default against McKeown on September 7, 2010. By virtue of the default and the failure to respond to the Complaint, McKeown is deemed to have admitted the allegations of the Complaint and liability is established against her. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). Thus, the Court finds McKeown committed the violations alleged in the Complaint.

5. McKeown is not an infant or an incompetent person and has no guardian, committee, conservator or other such persons appearing on her behalf. Accordingly, it is:

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of a Default Judgment of Permanent Injunction and Other Relief Against Defendant Carol McKeown is **GRANTED**. Default Judgment is entered against McKeown as follows:

I.

PERMANENT INJUNCTION

**IT IS ORDERED AND ADJUDGED** that McKeown, her officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from:

Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5

A. Directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any securities, knowingly or recklessly: (i)

employing devices, schemes or artifices to defraud; (ii) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaging in acts, practices and courses of business which have operated, are now operating or will operate as a fraud upon the purchasers of such securities in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder;

### Section 17(a)(1) of the Securities Act of 1933

B. Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails, in the offer or sale of securities, knowingly or recklessly employing devices, schemes or artifices to defraud, in violation of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. 77q(a)(1);

### Section 17(a)(2) & (3) of the Securities Act of 1933

C. Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, in the offer or sale of securities, (i) obtaining money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (ii) engaging in acts, practices and courses of business which have operated and will operate as a fraud or deceit upon purchasers and prospective purchasers of such securities, in violation of Sections 17(a)(2) & (3) of the Securities Act, 15 U.S.C. §§ 77(q)(a)(2) & (3); and

### Section 17(b) of the Securities Act of 1933

D. Directly or indirectly, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, publishing, giving publicity to, or circulating any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received, directly or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof, in violation of Section 17(b) of the Securities Act, 15 U.S.C. §§ 77q(b).

## II.

### DISGORGEMENT AND PREJUDGMENT INTEREST

**IT IS FURTHER ORDERED AND ADJUDGED** that McKeown is jointly and severally liable with Defendants Ryan, Meadow Vista, and Downshire for disgorgement of $3,719,543, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $74,762.81, for a total of $3,794,305.81. The Commission may enforce the Court's Judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Judgment. In response to any such civil contempt motion by the Commission, McKeown may assert any legally permissible defense. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying McKeown as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to

this Judgment. McKeown shall simultaneously send a copy of the letter and payment form to: Christine Nestor, Senior Trial Counsel, U.S. Securities and Exchange Commission, Miami Regional Office, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131. McKeown relinquishes all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to McKeown. McKeown shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval.

To preserve the deterrent effect of the civil penalty, McKeown shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on McKeown's payment of disgorgement in this action, argue that she is entitled to, nor shall she further benefit by, offset or reduction of such compensatory damages award by the amount of any part of McKeown's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, McKeown shall, within 30 days after entry of a final order granting the

Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed by this Court. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against McKeown by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### III.

### ASSET FREEZE

**IT IS FURTHER ORDERED AND ADJUDGED** that the asset freeze in effect pursuant to the Temporary Restraining Order dated June 23, 2010 and the Preliminary Injunction dated July 6, 2010 shall remain in effect and incorporated in this Judgment against McKeown until further motion of the Commission directing turnover of the frozen assets to satisfy disgorgement.

### IV.

### REPATRIATION ORDER

**IT IS FURTHER ORDERED AND ADJUDGED** that the repatriation order in effect pursuant to the Temporary Restraining Order dated June 23, 2010 and the Preliminary Injunction dated July 6, 2010, shall remain in effect and incorporated in this Judgment against McKeown.

V.

## PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 21(d)(6) of the Exchange Act, 15 U.S.C. §78u(d)(6), and Section 20(g) of the Securities Act, 15 U.S.C. §77t(g), McKeown is barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. §240.3a51-1].

VI.

## CIVIL MONEY PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that McKeown shall pay a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d). The amount of the civil penalty shall be determined by the Court upon motion of the Commission that shall be filed within 120 days of the date of this Order.

VII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and McKeown in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

## VIII.

### RULE 54(b) CERTIFICATION

**IT IS FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this 25th day of JANUARY, 2011.

*/s/ James I. Cohn*
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies to counsel and parties of record