UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80748-CIV-COHN

SECURITIES AND EXCHANGE COMMISSION,　)
　)
　　　　　　　　　Plaintiff,　)
　)
v.　)
　)
CAROL MCKEOWN, DANIEL F. MCKEOWN,　)
MEADOW VISTA FINANCIAL CORP.,　)
AND DOWNSHIRE CAPITAL INC.,　)
　)
　　　　　　　　　Defendants.　)
_____)

**CONSENT OF DEFENDANT CAROL MCKEOWN TO ENTRY OF
JUDGMENT OF CIVIL PENALTY AND OTHER RELIEF**

1.　Defendant Carol McKeown acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over her and over the subject matter of this action.

2.　Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which McKeown admits), McKeown consents to the entry of the Judgment of Civil Penalty and Other Relief against Defendant Carol McKeown ("Penalty Judgment") in the form attached and incorporated by reference herein, which, among other things:

　　　a.　orders McKeown to pay a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act of 1933 [15 U.S.C. §77t(d)] and Section 21(d) of the Securities Exchange Act of 1934 [15 U.S.C. §78u(d)].

3. McKeown shall satisfy her obligation to pay a civil penalty by paying $150,000 within fourteen (14) days from the date of entry of Penalty Judgment. Payment under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying McKeown as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Penalty Judgment. McKeown shall simultaneously send a copy of the letter and payment form to: Christine Nestor, Senior Trial Counsel, U.S. Securities and Exchange Commission, Miami Regional Office, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131. McKeown relinquishes all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to McKeown. McKeown shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval.

To preserve the deterrent effect of the civil penalty, McKeown shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on

McKeown's payment of disgorgement in this action, argue that she is entitled to, nor shall she further benefit by, offset or reduction of such compensatory damages award by the amount of any part of McKeown's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, McKeown shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Penalty Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against McKeown by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4. McKeown agrees that she shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amount she pays pursuant to this Penalty Judgment, regardless of whether such penalty amounts or any party thereof are added to a distribution fund or otherwise used for the benefit of investors. McKeown further shall not claim, assert, or apply for tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts she pays pursuant to the Penalty Judgment entered in this action, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. McKeown waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. McKeown waives the right, if any, to appeal from the entry of the Penalty Judgment.

7. McKeown enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to McKeown or anyone acting on her behalf to induce McKeown to enter into this Consent.

8. McKeown agrees that this Consent shall be incorporated into the Penalty Judgment with the same force and effect as if fully set forth herein.

9. McKeown will not oppose the enforcement of the Penalty Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. McKeown waives service of the Penalty Judgment and agrees that entry of the Penalty Judgment by the Court and filing with the Clerk of the Court will constitute notice to her of its terms and conditions. McKeown further agrees to provide counsel for the Commission, within thirty days after the Penalty Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that she has received and read a copy of the Penalty Judgment.

11. Consistent with 17 C.F.R. §202.5(f), this Consent resolves only the claims asserted against McKeown in this civil proceeding. McKeown acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. McKeown waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. McKeown further acknowledges

that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, McKeown understands that she shall not be permitted to contest the factual allegations of the Complaint in this action.

12. McKeown understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. §202.5. In compliance with this policy, McKeown agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, McKeown hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If McKeown breaches this agreement, the Commission may petition the Court to vacate the Penalty Judgment and restore this action to its active docket. Nothing in this paragraph affects McKeown's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. McKeown hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by McKeown to defend against this action. For these purposes, McKeown agrees that she is not the prevailing party in this action since the parties have reached a good faith settlement.

14. McKeown agrees that the Commission may present the Penalty Judgment to the Court for signature and entry without further notice.

15. McKeown agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Penalty Judgment.

I, Carol McKeown, having read and understood the foregoing Consent and the Penalty Judgment, and having had the advice of competent counsel, agree to the terms and conditions in the Consent and Penalty Judgment and consent to the Court's entry of the Penalty Judgment.

Dated: APR 28 2011 / AVR 28 2011, 2011

_C. McK_
**CAROL MCKEOWN**

STATE OF ~~_____~~ Canada / Province of Ontario / City of Ottawa / Embassy of the )
COUNTY OF ~~_____~~ United States of America ) ss:

On this ____ day of APR 28 2011 / AVR 28 2011, 2011, before me personally appeared CAROL MCKEOWN who ____ is personally known to me or ____ who produced a _CANADIAN PASSPORT_ ~~driver's license~~ bearing her name and photograph as identification, and who executed this Consent, and she acknowledged to me that she executed the same.

_[signature]_
Notary Public

**Leslie W. Doumbia**
**Vice Consul of the**
**United States of America**

Commission Expires: _INDEFINITE_

6

Approved as to form:

_____
Jeffrey L. Cox, Esq.
Sallah & Cox, LLC
Boca Corporate Center, Suite 218
2101 NW Corporate Boulevard
Boca Raton, Florida  33431
Telephone: (561) 989-9080
Fax: (561) 989-9020

Dated: ____5/4____, 2011