UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80748-CIV-COHN

SECURITIES AND EXCHANGE COMMISSION,   )
                                      )
                     Plaintiff,       )
                                      )
v.                                    )
                                      )
CAROL MCKEOWN, DANIEL F. RYAN,        )
MEADOW VISTA FINANCIAL CORP.,         )
AND DOWNSHIRE CAPITAL INC.,           )
                                      )
                     Defendants.      )
_____)

## JUDGMENT OF CIVIL PENALTY AND OTHER RELIEF AGAINST DEFENDANT CAROL MCKEOWN

Plaintiff Securities and Exchange Commission commenced this action by filing its emergency complaint against Defendants Carol McKeown, Daniel F. Ryan, Meadow Vista Financial Corp., and Downshire Capital Inc. alleging, among other things, that the Defendants violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a) and 15 U.S.C. § 77(q)(b)]; Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"); and Exchange Act Rule 10b-5 [15 U.S.C. §78j(b) and 17 C.F.R. §240.10b-5]. The complaint also alleged McKeown, Ryan, and Meadow Vista violated Section 17(b) of the Securities Act. The Commission sought and obtained a Temporary Restraining Order (D.E. 4 and 9) and later obtained a Preliminary Injunction against the Defendants (D.E. 19). This Court entered Default Judgments of Permanent Injunction and ordered disgorgement against each of the Defendants on January 25, 2011 (D.E. 36-39).

McKeown, by virtue of the attached Consent of Defendant Carol McKeown to Entry of Judgment of Civil Penalty and Other Relief ("Consent"), has: entered a general appearance;

consented to the Court's jurisdiction over her and the subject matter of this action; consented to entry of this Judgment of Civil Penalty and Other Relief against Defendant Carol McKeown ("Penalty Judgment") without admitting or denying the allegations of the Complaint (except as to subject matter and personal jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Penalty Judgment. This Court having accepted such Consent and this Court having jurisdiction over McKeown and the subject matter of this action, and the Court being fully advised in the premises, orders as follows:

I.

## CIVIL PENALTY

**IT IS ORDERED AND ADJUDGED** that McKeown is liable for a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Payment under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying McKeown as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Penalty Judgment. McKeown shall simultaneously send a copy of the letter and payment form to: Christine Nestor, Senior Trial Counsel, U.S. Securities and Exchange Commission, Miami Regional Office, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131. McKeown relinquishes all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to McKeown. McKeown shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the

Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval.

To preserve the deterrent effect of the civil penalty, McKeown shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on McKeown's payment of disgorgement in this action, argue that she is entitled to, nor shall she further benefit by, offset or reduction of such compensatory damages award by the amount of any part of McKeown's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, McKeown shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Penalty Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against McKeown by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

McKeown shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any

insurance policy, with regard to any civil penalty amount she pays pursuant to this Penalty Judgment, regardless of whether such penalty amounts or any party thereof are added to a distribution fund or otherwise used for the benefit of investors. McKeown further shall not claim, assert, or apply for tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts she pays pursuant to this Penalty Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## II.

## REPATRIATION ORDER

**IT IS FURTHER ORDERED AND ADJUDGED** that the repatriation order in effect pursuant to the Temporary Restraining Order dated June 23, 2010 (D.E. 9), the Preliminary Injunction dated July 6, 2010 (D.E. 19), and the Order Granting Plaintiff's Motion for Default Judgment dated January 25, 2011 (D.E. 36), shall remain in effect and incorporated in this Penalty Judgment against McKeown until further order of the Court.

## III.

## ASSET FREEZE

**IT IS FURTHER ORDERED AND ADJUDGED** that the asset freeze in effect pursuant to the Temporary Restraining Order dated June 23, 2010 (D.E. 9), the Preliminary Injunction dated July 6, 2010 (D.E. 19), and the Order Granting Plaintiff's Motion for Default Judgment dated January 25, 2011 (D.E. 36), shall remain in effect and incorporated in this Penalty Judgment against McKeown until further order of the Court.

IV.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that McKeown shall comply with all of the undertakings and agreements set forth therein.

V.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Penalty Judgment.

VI.

## RULE 54(b) CERTIFICATION

**IT IS FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Penalty Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this 23rd day of May, 2011.

_____
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies to counsel and parties of record

5